UNITED STATES of America and H. Marshall Schaffner, Chief, Examination Division, Internal Revenue Service, Portland, Oregon, Petitioners,

v.

GREGORY GOVERNMENT SECURITIES, INC., and William H. Gregory, President, Respondents.

Civ. No. 82–816.

United States District Court, D. Oregon.

Aug. 27, 1982.

Charles H. Turner, U.S. Atty., Portland, Or., G. Scott Nebergall, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for petitioners.

Joseph Wetzel, Wetzel & DeFranq, Portland, Or., for respondents.

## OPINION AND ORDER

FRYE, District Judge:

This case comes before the court on the United States Government's (government) petition to enforce and respondent Gregory Government Securities, Inc.'s (Gregory) motion to quash two Internal Revenue Service summonses, one dated February 1, 1982, and one dated April 12, 1982. These are John Doe summonses issued under 26 U.S.C. § 7602 and § 7609(f). These summonses require Gregory to produce designated records relating to some unnamed clients. This matter does not concern the merits of the tax dispute between the government and Gregory, but goes only to whether Gregory must respond to the summonses.

The John Doe summonses were served after a judicial proceeding in which the government established to the satisfaction of the district court judge hearing the matter that there was a reasonable basis for believing that an unidentified but designated group of Gregory's clients had violated, or may violate, the Internal Revenue laws. The proceeding regarding the February summons was before Magistrate George E. Juba, Civil No. 82–094. The proceeding regarding the April summons was before District Judge James M. Burns, Civil No. 82–437. The proceedings were ex parte and based solely on the petition submitted by the government and the affidavit of Marshall Schaffner, Chief of the Examination Division of the local Internal Revenue office.

Gregory has raised two defenses against enforcement of the summonses and in favor of its motion to quash: (1) that the government failed to comply fully with the legal requirements for an order allowing service of summons, and (2) that the government has no reasonable basis for believing that the group of persons inquired after may fail or may have failed to comply with any provision of the Internal Revenue laws. Gregory contends that the government misrepresented facts to the court in order to establish a reasonable basis.

## LEGAL REQUIREMENTS FOR ISSUANCE OF A SUMMONS UNDER 26 U.S.C. §§ 7602 and 7609(f)

Gregory first contends that the summons of February 1, 1982 submitted to the court was for the calendar year January 1, 1980, to December 31, 1980, while the summons actually served was corrected by an Internal Revenue agent to cover the period July 20, 1979, to December 31, 1979. Judge Juba's order allowing service of the summons is for the period July 20, 1979, to December 31, 1979. The summons actually served was therefore simply corrected to comply with the court's order. This correction does not invalidate the issuance or service of the summons.

Next Gregory contends that since the court file for the April 12, 1982 summons contains only the first page of the summons, the order allowing service of the summons was improper. The summons, as served, listed eleven documents or types of documents to be produced. Items 1–6 are described on page one of the summons; items 7–11 are described on page two. Gregory contends that since the court was only provided with the first page of the summons, the service is invalid. Federal law, however, provides that the ex parte determination by a court to allow service of a John Doe summons is to be made "solely upon the petition and supporting affidavits." 26 U.S.C. §§ 7609(f) and 7609(h). Since the statute does not require that the actual summons be submitted to the court for review, it is not a fatal defect to submit only the first page.

Finally, Gregory argues that although it admits that Marshall Schaffner had authority to issue the summons, Jan R. Pierce, the Assistant District Counsel for the IRS, had no authority to legally review the summonses before they were presented to a judge. The government argues that the requirement for legal review is an agency internal requirement and Gregory cannot complain if the requirement is not followed precisely.

26 U.S.C. § 7602 provides that the Secretary of the Treasury or his delegate may *issue* a summons. The Secretary of the Treasury has delegated the authority to issue a summons to the Commissioner of the IRS. 26 C.F.R. § 301.7602–1(b). In turn the Commissioner has delegated the authority to *issue* a summons to certain IRS employees specified in Delegation Order No. 4 (Rev. 11, 1980–1 C.B. 752). Delegation Order No. 4 also provides that a summons may be issued only "after obtaining preissuance legal review by Regional Counsel, Deputy Regional Counsel (General Litigation) or District Counsel . . ." Subsection 6 of Delegation Order No. 4 provides that "[T]he authority delegated herein may not be redelegated . . ."

Gregory argues that since Jan R. Pierce is not the Regional Counsel, Deputy Regional Counsel (General Litigation), or the District Counsel, as required by Delegation Order No. 4, the summonses must be quashed.

Congress has nowhere provided for legal review prior to the issuance of a summons. The legal reviewer is not the issuer of the summons. The mandate of Congress regarding the delegation of power does not extend to the legal reviewer. Congress does require the IRS to seek court approval and demonstrate reasonable cause before *serving* a John Doe summons in order to provide some measure of protection for unknown taxpayers. *See, U.S. v. Brigham Young University,* 679 F.2d 1345, 1347 n. 4 (10th Cir. 1982).

The Commissioner's requirement of preissuance legal review must be regarded as an internal guideline, no doubt designed to insure that the legal requirements of 26 U.S.C. 7609(f) are met before the summons is taken before a judge. Failure to comply with this regulation therefore confers no rights on Gregory. *Cleveland Trust Company v. U.S.,* 421 F.2d 475 (6th Cir.1970).

## REASONABLE BASIS FOR ISSUANCE OF THE SUMMONS

Gregory contends there was no reasonable basis for the issuance of the summonses by Marshall Schaffner. The government argues that since a district judge determined that there was a reasonable basis for issuance of the summonses, Gregory cannot challenge that basis in this proceeding. The court rejects the government's position. *U.S. v. Brigham Young University, supra.* Because Gregory contends that Marshall Schaffner had misrepresented facts to Judge Burns and Judge Juba in order to establish a reasonable basis to allow service of the summons, the court allowed Schaffner to testify at the hearing. Schaffner stated under oath in open court that the District Director of the IRS in Portland has identified approximately 200 taxpayers in each calendar year (1979 and 1980) who, as clients and customers of Gregory, have purchased forward contracts and who claim losses from the cancellation of these contracts in a total amount exceeding $13 million. Schaffner also testified that the IRS disputes the deductibility of these losses. He testified that to date more than 300 audits have been completed, resulting in an average tax deficiency of approximately $18,000 per return. Gregory contends that losses to customers who purchase forward contracts are legitimate deductible losses. Gregory cites in particular the Secretary of the Treasury's comments during Senate confirmation hearings.

This court cannot determine the merits of the deductibility dispute between the IRS and Gregory. Schaffner's testimony is sufficient to create a reasonable basis to believe that Gregory's other clients and customers may have claimed losses from similar transactions which are also disputed by the IRS. The court finds that the representations made to this court and to Judges

Burns and Juba were made in good faith and are sufficient to establish a reasonable basis for believing that unidentified clients and customers of Gregory may fail or may have failed to comply with the Internal Revenue laws.

NOW, THEREFORE, IT IS ORDERED that the government's motion to enforce the summonses is GRANTED. Gregory's motion to quash the service of the summonses is DENIED.